**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

RAJBIR SINGH,

Petitioner,

v.

FERETI SEMAIA, WARDEN OF ADELANTO ICE PROCESSING CENTER, ET AL.,

Respondents.

Case No. 5:26-cv-06306-AJR

**MEMORANDUM DECISION AND ORDER GRANTING PETITION AND ORDERING IMMEDIATE RELEASE**

## I.
## INTRODUCTION

On October 24, 2026, Petitioner Rajbir Singh (A# 237-063-231) ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging his detention in immigration custody. (Dkt. 1 at 2-6.) Also on October 24, 2026, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order. (Dkt. 3.) Pursuant to General Order 26-05, Respondents Fereti Semaia, Warden of the Adelanto ICE Processing Center, Markwayne Mullin, Secretary of the Department

of Homeland Security ("DHS"), David J. Venturella, Acting Director of Immigration and Customs Enforcement ("ICE"), Todd Blanche, Attorney General of the United States, and Ernesto Santacruz, Jr., Los Angeles Field Office Director for ICE (collectively, "Respondents") were required to show cause why the Petition should not be granted no later than November 2, 2026. (Dkt. 6.) Respondents did not do so and therefore have consented to the relief sought in the Petition.[1] See C.D. Cal. L.R. 7-12. On November 3, 2026, Petitioner filed a Notice to Enforce Briefing Order and Request for Immediate Release. (Dkt. 8.) The parties have consented to proceed before a U.S. Magistrate Judge for all purposes. (Dkts. 4, 9.) **For the reasons set forth below, the Court GRANTS the Petition and orders Respondents to immediately release Petitioner from custody.**

## II.
## FACTUAL BACKGROUND

The Court sets forth a summary of the relevant factual background based on the facts set forth in the declaration of Petitioner's counsel submitted in support of the *Ex Parte* Application for Temporary Restraining Order. (Dkt. 3-1.) Respondents were required to show cause why the Petition should not be granted no later than November 2, 2026, but did not do so. (Dkt. 6.) Therefore, the Court considers the following facts to be undisputed and conceded for purposes of ruling on the Petition. See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

---

[1] The judges of the Central District of California have been notified by leadership at the U.S. Attorney's Office that Respondents will not file a notice of non-opposition in all immigration habeas actions due to the overall volume of such cases and therefore in some cases, Respondents simply will not file a response where they do not have an opposition argument to advance. Therefore, the Court understands Respondents' failure to respond to the Petition in this case as a decision not to advance any opposition argument, as opposed to simply missing a deadline.

Petitioner is a citizen and national of India, born in 2002. (Dkt. 3-1 at 2.) Petitioner was inspected and admitted to the United States on September 22, 2025, as a B-2 visitor. (Id.) His admission was recorded in Form I-94 Admission Record No. 734452382A4. Since September 2025, Petitioner has lived openly in Temple City, California. (Id.) He provided his residential address to U.S. Citizenship and Immigration Services ("USCIS") in his asylum application. (Id.)

On September 17, 2026, less than one year after his arrival, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal with USCIS. (Id.) Petitioner filed the application affirmatively, on his own initiative, before any removal proceedings had been brought against him. (Id.) USCIS issued a receipt notice under Receipt No. MGL2663041617 confirming that the application was received and pending as of September 17, 2026. (Id.)

On September 22, 2026, USCIS issued Petitioner a Form I-797C, ASC Appointment Notice, directing him to appear for biometrics on October 14, 2026 at the USICS El Monte Application Support Center. (Id. at 3.) The notice warned that if he failed to appear as scheduled, USCIS may dismiss his asylum application or may refer his application to an immigration judge. (Id.) Nothing in the notice told Petitioner that he could be taken into custody. (Id.)

On October 14, 2026, the day of his scheduled USCIS biometric appointment, ICE detained Petitioner. (Id.) No hearing of any kind preceded his detention. (Id.) Petitioner has no criminal record. (Id.) He has never been arrested for, charged with, or convicted of any criminal offense in the United States. (Id.) Petitioner has been detained continuously since October 14, 2026. (Id.) He is currently detained at the Adelanto ICE Processing Center. (Id.)

## III.

## SUMMARY OF PETITIONER'S CLAIMS

Petitioner's first claim for relief is that his detention imposed without notice

or a pre-deprivation hearing violated his due process rights. (Dkt. 1 at 6.) Petitioner's second claim for relief is that his continued detention serves no legitimate purpose and therefore also violates his due process rights. (Id.) Petitioner seeks immediate release from custody as well as an order enjoining Respondents from re-detaining Petitioner during the pendency of his removal proceedings absent materially changed circumstances, prior written notice, and a hearing before a neutral decisionmaker. (Id. at 7.) Finally, Petitioner seeks an award of reasonable attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). (Id.)

## IV.
## LEGAL STANDARD

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. See U.S. Const., amend. V. There is no question that these protections extend to noncitizens present in the United States. See, e.g., Trump v. J.G.G., 604 U.S. 670, 673 (2025) (*per curiam*) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (internal quotation marks omitted)); Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); Hussain v. Rosen, 985 F.3d 634, 642 (9th Cir. 2021) ("The Fifth Amendment entitles aliens to due process of law in deportation proceedings." (internal quotation marks and brackets omitted)). Indeed, "the government's discretion to incarcerate noncitizens is always constrained by the requirements of due process . . . ." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017).

Due process "is a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127 (1990). Indeed, the Due Process Clause provides both procedural and substantive protections. See, e.g., Regino v. Staley,

133 F.4th 951, 959 (9th Cir. 2025) ("This clause protects individuals against two types of government action: violations of substantive due process and procedural due process." (internal quotation marks omitted)). To determine whether detention violates procedural due process, courts frequently apply the three-part test set forth in Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention pursuant to 8 U.S.C. § 1226(a)). Under Matthews, courts weigh the following three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335; see also id. at 332 ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.").

In addition to the procedural protections of the Due Process Clause, "[s]ubstantive due process protects individuals from state action that interferes with fundamental rights." Regino, 133 F.4th at 959-60. Governmental action that infringes a fundamental right is constitutional only if "the infringement is narrowly tailored to serve a compelling state interest." Reno v. Flores, 507 U.S. 292, 302 (1993). By contrast, governmental action that does not infringe a fundamental right survives "substantive-due-process scrutiny so long as [the action is] rationally related to legitimate government interests." Stormans, Inc. v. Wiesman, 794 F.3d 1064, 1085 (9th Cir. 2015) (internal quotation marks omitted). To assess whether there has been a violation of a fundamental right, courts must begin with "a careful description of the asserted fundamental liberty interest." Washington v. Glucksberg, 521 U.S. 702, 721 (1997) (internal quotation marks omitted). With that careful

description in mind, courts must then decide whether the asserted interest is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it was sacrificed." Khachatryan v. Blinken, 4 F.4th 841, 858 (9th Cir. 2021) (internal quotation marks and brackets omitted).

## V.
## ANALYSIS

As set forth above, Petitioner contends that his detention by immigration authorities without notice or a pre-deprivation hearing violated his due process rights. (Dkt. 1 at 6.) Petitioner seeks immediate release from custody as well as prospective injunctive relief imposing due process limitations on Respondents' ability to re-detain him. (Id. at 7.) Respondents were required to show cause why the Petition should not be granted no later than November 2, 2026, but did not do so. (Dkt. 6.) Thus, the Court concludes that Respondents have consented to the Court granting the relief requested in the Petition. See C.D. Cal. L.R. 7-12; see also Singh v. Chiang, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) ("The court construes the government's failure to address this argument as a concession to petitioner's argument."); Gaviria Lora v. GEO Grp., Inc., 2026 WL 1512213, at *2 (C.D. Cal. May 28, 2026) ("Given Respondents' concession, nothing more need be said."), report and recommendation adopted, 2026 WL 1512211 (C.D. Cal. May 29, 2026); Soleimani v. Larose, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) ("By failing to respond to the claims actually asserted, Respondents have conceded the claims.").

Specifically, the Court concludes that Petitioner's detention by immigration authorities on October 14, 2026, without notice or a pre-deprivation hearing violated his due process rights. See, e.g., J.A.E.M. v. Wofford, 812 F. Supp. 3d 1058, 1071 (E.D. Cal. 2025) ("On balance, the Mathews factors show that petitioner is entitled

to a bond hearing, which should have been provided before she was detained. The root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest." (internal quotation marks and brackets omitted)); Mourey v. Bowen, 2026 WL 467567, at *4 (C.D. Cal. Jan. 31, 2026) ("Pursuant to the holding in Mathews, Petitioner should have been afforded a pre-detention hearing."), report and recommendation adopted, 2026 WL 464788 (C.D. Cal. Feb. 17, 2026).

Given this violation of Petitioner's due process rights, the Court concludes that "Petitioner's release is necessary to return him to the status quo." Nazarian v. Noem, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025). The status quo is "the last uncontested status which preceded the pending controversy." GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted). The last uncontested status here is Petitioner's release from custody. See Nazarian, 2025 WL 3236209, at *7 ("The last uncontested status in this case is Petitioner's release on his second OSUP before his current re-detention."). "Accordingly, Petitioner's release from custody is the appropriate remedy." Id.; see Esmail v. Noem, 2025 WL 3030590, at *6 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process. The fact that he was not given an interview renders his detention unlawful in the first place, necessitating his release.").

Moreover, the Court concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained. See, e.g., Baltazar v. Noem, 2026 WL 413527, at *5 (C.D. Cal. Jan. 30, 2026) ("Where courts have found the procedural due process violation examined here, they routinely order release and enjoin Respondents from re-detaining petitioners without providing a pre-detention hearing before a neutral arbiter."); Ixchop Perez v. McAleenan, 435 F. Supp. 3d

1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. Perez v. McAleenan, 2020 WL 8970669 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)). Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. See, e.g., Baltazar, 2026 WL 413527; see also Mourey, 2026 WL 467567, at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); Carballo, 2025 WL 2381464, at *8 ("On balance, the Mathews factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community."). Thus, the Court concludes that the Petition must be granted with the foregoing prospective injunctive relief.

A permanent injunction may be entered, at the discretion of the Court, where the movant shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391, (2006). The Court finds that Petitioner has made such a showing here. Petitioner has suffered an irreparable injury by being detained in violation of

his due process rights, and would again if Respondents repeat such conduct. Legal remedies such as damages would be inadequate to cure the unconstitutional deprivation of liberty. And the balance of hardships and public interest in merely requiring Respondents to provide basic due process in the event they seek to re-detain Petitioner, versus forcing Petitioner again to suffer detention and file a habeas petition to secure his release, favor the imposition of a limited injunction against future re-detention without notice and a pre-deprivation hearing.[2]

Thus, the Court concludes that Petitioner has made a sufficient showing under the eBay Inc. factors to justify a limited permanent injunction targeted at the specific harms presented in this case. See, e.g., Huy Cu v. Marin, 2026 WL 1427009, at *1-3 (C.D. Cal. May 21, 2026) (rejecting objections that prospective injunctive relief is inappropriate in the context of an immigration habeas petition); Araujo-Contreras v. Janecka, 2026 WL 1625368, at *1-4 (C.D. Cal. June 3, 2026) (rejecting objections to permanent injunctive relief requiring a pre-deprivation hearing before re-detention in the context of an immigration habeas petition finding a violation of the petitioner's procedural due process rights).

Finally, the Court notes that Petitioner also requested an award of reasonable attorney's fees and costs under the EAJA. (Dkt. 1 at 7.) The Court will consider an application under the EAJA that is filed within 30 days of entry of final judgment in this action. See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action."). In sum, the Court GRANTS the relief clearly sought in the Petition. (Dkt. 1 at 7.) Respondents were required to show cause why the Petition should not be

---

[2] Where the party opposing injunctive relief is the government, "the third and fourth factors—the balance of equities and the public interest—merge." Garcia v. County of Alameda, 150 F.4th 1224, 1234 (9th Cir. 2025) (internal quotations omitted).

granted no later than November 2, 2026, but did not do so. (Dkt. 6.) Thus, the Court concludes that Respondents have consented to the Court granting the relief requested in the Petition. See C.D. Cal. L.R. 7-12.

## VI.
## CONCLUSION

Based on the foregoing, the Court GRANTS the Petition as follows. Respondents shall immediately release Petitioner Rajbir Singh (A# 237-063-231) ("Petitioner") from custody (subject only to conditions that were in place prior to his October 14, 2026 detention, if any) and return any confiscated property and documents to Petitioner upon release. Respondents shall not re-detain Petitioner pursuant to 8 U.S.C. § 1226 without providing at least seven (7) days' notice and a pre-deprivation bond hearing. The pre-deprivation bond hearing shall occur before an Immigration Judge at which the Government bears the burden of proof to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community. The Immigration Judge must conduct an individualized assessment of Petitioner's suitability for bond in light of the forgoing standard. Respondents shall file a notice of compliance no later than **three days from entry of Judgment**.

IT IS SO ORDERED.

DATED: November 4, 2026

HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE